**COLUMBIA BROADCASTING SYSTEM, INC., Calvada Productions, a joint venture, Jack Chertok Television, Inc., and Dena Pictures, Incorporated, Plaintiffs,**

v.

**TELEPROMPTER CORPORATION, Defendant.**

United States District Court
S. D. New York.

Dec. 16, 1965.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for plaintiff Columbia Broadcasting System, Inc.; Sydney M. Kaye, Ambrose Doskow, Asa D. Sokolow, Joseph W. Gelb, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for plaintiff Calvada Productions; Royal E. Blakeman, Gerald M. Higier, New York City, of counsel.

Alexander & Green, New York City, for plaintiff Jack Chertok Television, Inc.; Eugene Z. Dubose, New York City, of counsel.

Graubard & Moskovitz, New York City, for plaintiff Dena Pictures, Inc.; Seymour Graubard, Michael H. Greenberg, New York City, of counsel.

Katz, Moselle & Schier, New York City, for defendant; Walter C. Schier, New York City, Smith & Pepper, Cleary, Gottlieb, Steen & Hamilton, Washington, D. C., of counsel.

WYATT, District Judge.

This is a motion by plaintiffs for summary judgment in their favor or, in the alternative, for a partial summary judgment. Fed.R.Civ.P. 56(a), (c) and (d). The alternative partial summary judg-

ment is not described in any detail; it is said that it should be for plaintiffs "as to the basic copyright infringement issue" leaving for trial any other issue "which the Court considers not to be totally inadequate as a matter of law" (Reply Memorandum for Plaintiffs, p. 54).

The action is for infringement of statutory copyrights; the Court has jurisdiction under 28 U.S.C. § 1338.

What is at issue is whether the operation of a community antenna television system ("CATV") infringes the copyright of a work which is broadcast by television and picked up by the CATV of defendant ("televise" as a verb—meaning to broadcast by television—is admitted to Webster's Third New International Dictionary (page 2351)).

The motion is supported and opposed by extensive affidavits and memoranda of law. The contentions of the parties were also urged upon the Court in full oral argument.

At the time of oral argument I had, and increasingly since then I have had, the feeling that this action is not appropriate for disposition by summary judgment, without regard to whether the evidentiary facts appear from the affidavits to be undisputed. This feeling arose from a vivid recollection of the lesson taught in Miller v. General Outdoor Advertising Co., 337 F.2d 944 (2d Cir. 1964).

At the same time, because the presentation for plaintiffs was as earnest as it was competent, it seemed to me that a careful study ought to be made of all the papers before denying the motion without reaching the merits.

Having made such a study, I come to the firm conclusion that our Court of Appeals would hold it "more prudent to permit all the facts to be fully developed at a trial before attempting to determine" (337 F.2d at 947) the issue of copyright infringement.

It is my duty accordingly to deny the motion.

A further brief explanation for my conclusion, however, may be in order.

Plaintiff Columbia Broadcasting System Inc. ("CBS") furnishes programs to many affiliated television stations. These programs consist of either live performances, or films thereof, or magnetic tapes thereof, sent by cable or microwave (both supplied by American Telephone & Telegraph Company) from CBS studios to the television stations from which they are then broadcast.

Plaintiffs Calvada Productions ("Calvada"), Jack Chertok Television, Inc. ("Chertok") and Dena Pictures, Incorporated ("Dena") are producers of television programs which are recorded on film (in the case of the first two) or magnetic tape (in the case of the last). Calvada, Chertok and Dena furnish CBS with filmed or taped programs and license CBS to supply such programs to its affiliated television stations for broadcasting by them. CBS itself produces some television programs and as such producer sues herein as plaintiff in the first three claims.

Defendant Teleprompter Corporation ("Teleprompter") or a wholly owned subsidiary, among other things owns and operates CATV systems in Farmington, New Mexico, Johnstown, Pennsylvania, and Elmira, New York.

A CATV system is, simply stated, a tall steel tower which is placed on high ground and which has receiving antennas to pick up broadcast television signals; the signals are then conducted by wire lines to the television sets of subscribers who are thus enabled to receive the signals into their sets without the use of any antenna individual to them. The subscribers pay fees for the service and the business object of the CATV operator is to make a profit from such subscription fees. CATV systems enable signals to be received in the sets of subscribers which, because of earth curvature, terrain shadow, distance, or artificial interference could not be satisfactorily received on the normal individual antenna.

In the case at bar, plaintiffs aver that they first created twelve "copyrighted works" (17 U.S.C § 1). These were nine "Motion picture photoplays" (17 U.S.C.

§ 5(*l*)), recorded on film or magnetic tape, and three "Motion pictures other than photoplays" (17 U.S.C. § 5(m)), recorded on film. These "works" were later sent out by CBS to its affiliated stations, were by them broadcast by television, were picked up by the CATV systems of defendant, and were by defendant sent through its wire lines to its subscribers. Plaintiffs registered their claims to copyright and certificates of registration were duly issued (17 U.S.C. §§ 11, 209).

Plaintiffs charge that defendant by its CATV pick up and distribution infringed their copyrights. They rely on the precedents from the radio field involving the reception by a hotel of radio programs in a "master radio receiving set" and distribution through "loud-speakers or head-phones" to the rooms of the hotel. Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971 (1931); Society of European Stage Authors and Composers, Inc. v. New York Hotel Statler Co., Inc., 19 F.Supp. 1 (S.D. N.Y.1937).

An important factor for present purposes is that the case at bar is, or may well be, a test case.

Defendant is not the only operator of CATV systems. On the contrary, this type of enterprise began some fifteen years ago (Inquiry, etc., 26 F.C.C. 403, 408 (1959)); by April 1959 there were about 550 CATV systems (26 F.C.C. at 408); by September, 1964 there were more than 1,400 such systems, according to a television company report (ABC–TV Research Department, Marketing Services The CATV Industry (1964) cited at page 2 of Grumbach, Community Antenna Television: Problems of Unfair Competition and Copyright, dated 1 May 1965 (unpublished thesis submitted to Professor Kaplan, Harvard Law School).

The Federal Communications Commission has this year taken note of the "nationwide growth of CATV" and the "explosive CATV growth" (30 Fed.Reg. 6039 (1965)), has asserted jurisdiction over CATV systems (30 Fed.Reg. 6082

and following), and has given notice of an inquiry and proposed rule making as to CATV systems (30 Fed.Reg. 6078 and following). See Note, Community Antenna Television: The New Federal Exercise of Jurisdiction, 51 Iowa L.Rev. 366 (1965); Note, Community Antenna Television: Survey of a Regulatory Problem, 52 Georgetown L.J. 136 (1963).

There has never been a decision as to whether distribution by a CATV system was the infringement of a federal copyright, although the question has been frequently discussed. See, for example, Nimmer on Copyright, 413–15; Note, 52 Georgetown L.J. 157–160 (1963); Epstein, Copyright Protection and Community Antenna Television Systems, 12 Bull. of the Copyright Society 147 (1965). See also Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348 (9th Cir. 1964) cert. denied Kliix Corp. v. Cable Vision, 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609 (1965); Z Bar Net, Inc. v. Helena Television, Inc., 125 U.S.P.Q. 595 (Montana District Court, 1960); Canadian Admiral Corp., Ltd. v. Rediffusion Inc., 20 Can.Pat.Rep. 75, [1954] Can. Exch. 382.

An action similar to that at bar is pending in this Court, the complaint having been filed June 29, 1960. For an interlocutory ruling and opinion by Judge Herlands in the earlier case, see United Artists Associated, Inc. v. NWL Corp., 198 F.Supp. 953 (S.D.N.Y.1961).

The Federal Communications Commission, in its discussion of the background for recent notices and orders respecting CATV systems, has referred to the two cases pending in this Court as follows (30 Fed.Reg. 6046):

"We are aware, of course, of the pending copyright litigation in which program suppliers are seeking to establish their right to control the use by CATV systems of signals carrying their programs. See United Artists Associated, Inc. v. N.W.L. Corp. [198 F.Supp. 953], Civil Action No. 60–2583, U. S. District Court for the Southern District of New York, filed 1960; Columbia

Broadcasting System, Inc. et al. v. Teleprompter et al., Civil Action No. 64–3814, U. S. District Court for the Southern District of New York, filed 1964. We neither intimate nor express any view as to the merit of these suits, which fall beyond our jurisdiction. We cannot close our eyes, however, to the significance which the present inability of program suppliers to control the availability of their programs via CATV has for competition between CATV and broadcasting stations."

From all the background it seems reasonably clear that the case at bar is not only one of first impression but is also a test case and one of the battles in a war between the television broadcasting industry on the one hand and the CATV system operators on the other.

I do not believe that our Court of Appeals would approve an attempt to decide such a case by summary judgment.

Moreover, a significant part of the factual area is technical. Each side has submitted an affidavit of an engineer, expert in electrical, television, electronic and communication matters. The affidavits of these experts are naturally drawn so that their language in stating facts reflects the legal theories of their respective employers. This may be another situation "where the so-called evidentiary facts—the underlying physical data—are not in dispute; but the inferences of fact to be drawn from them are disputed." Empire Electronics Co. v. United States, 311 F.2d 175, 179 (2d Cir. 1962). In any event, it seems far better to have live testimony from the experts, with opportunity for cross-examination, before deciding a case like this.

Some years ago, Judge Leibell had a copyright case in which both sides had moved for summary judgment. In denying both motions, Judge Leibell said (Edward B. Marks Music Corp. v. Foullon, 10 Fed.Rules Serv. 56c.41, Case 7 (S.D.N.Y.1947):

"All the facts in this case should be developed at a trial. If it is to be a test case, one of great importance to the industry, there is all the more reason why a complete record should be made at a trial, for the benefit of the trial court and of any appellate court that may be asked to review the questions involved."

Perhaps the matter is best put by Mr. Justice Jackson speaking for the Supreme Court in Kennedy v. Silas Mason Co., 334 U.S. 249, 256–257, 68 S.Ct. 1031, 1034, 92 L.Ed. 1347 (1948):

"We do not hold that in the form the controversy took in the District Court that tribunal lacked power or justification for applying the summary judgment procedure. But summary procedures, however salutary where issues are clear-cut and simple, present a treacherous record for deciding issues of far-flung import, on which this Court should draw inferences with caution from complicated courses of legislation, contracting and practice.

"We consider it the part of good judicial administration to withhold decision of the ultimate questions involved in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts. While we might be able, on the present record, to reach a conclusion that would decide the case, it might well be found later to be lacking in the thoroughness that should precede judgment of this importance and which it is the purpose of the judicial process to provide."

Nothing herein contained is intended to express any opinion as to the merits, nor as to whether defendant should or should not have an opportunity to discover facts claimed by defendant to be relevant to the issues here.

For the reasons indicated, the motion must be, and is, denied.

So ordered.